Filed 4/21/21  P. v. Love CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LOVE,<br><br>   Defendant and Appellant. | B306398<br><br>(Los Angeles County<br>Super. Ct. No. A394113-01) |

APPEAL from an order of the Superior Court of Los Angeles County, James Richard Dabney, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Christopher Love (defendant) appeals from an order denying his Penal Code section 1170.95 petition to vacate his decades-old murder conviction.[1] We consider whether the trial jury's true finding on a special circumstance allegation attached to the murder charge establishes he is not entitled to relief as a matter of law.

I

Defendant and an accomplice, Randy Lewis, were charged with murder after a husband and wife agreed to give the two men a ride in their car and Lewis shot the husband from the back seat while defendant attacked the wife with a knife. The motive for the murder (and attempted murder of the wife) was robbery—the husband's wallet was found missing after the shooting[2]—and a robbery-murder special circumstance (§ 190.2, subd. (a)(17)) was alleged in connection with the murder charge.

At defendant's trial in 1986, the court instructed the jury on felony murder and the natural and probable consequences theory of aiding and abetting liability. The jury was not instructed on a malice theory of murder.

In connection with the murder charge, the court gave the jury two instructions on the alleged robbery-murder special

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] Defendant's defense at trial was that he did not know Lewis planned to shoot the husband. As for the wife, defendant contended he had been using the knife to clean his fingernails during the car ride and cut her with the knife when he got out of the car after being surprised by the shooting.

circumstance that were patterned on the then-prevailing versions of CALJIC 8.80 and 8.81.17 (see generally *People v. Duncan* (1991) 53 Cal.3d 955, 973-974). The first, in relevant part, provided as follows: "If you find the defendant in this case guilty of murder of the first degree, you must then determine if the murder was committed under the following special circumstance: during the commission or attempted commission of a robbery. . . . If defendant Love was an accomplice or aider and abettor but not the actual killer, it must be proved beyond a reasonable doubt that he intended to aid in the killing of [the victim] before you are permitted to find the alleged special circumstance of that first degree murder to be true as to defendant Love. [¶] The finding of . . . an intent to kill [the wife of the murder victim] in and of itself is not sufficient to sustain the finding of the special circumstance." The second instruction, in relevant part, similarly reinforced the determination the jury was required to make regarding defendant's intent before finding the special circumstance true: "To find that the special circumstance referred to in these instructions is murder in the commission of robbery is true, it must be proved that the murder was committed while the defendant was engaged in or was an accomplice in the commission or attempted commission of a robbery[;] that the defendant intended to kill a human being or intended to aid another in the killing of a human being; that the murder was committed in order to carry out or advance the commission of the crime of robbery or to facilitate the escape therefrom or to avoid detection."

The jury found defendant guilty of murder (and the two other charged offenses) and found the alleged robbery-murder special circumstance true. On direct appeal, this court affirmed

3

defendant's convictions but remanded for resentencing. (*People v. Love* (Jun. 3, 1988, B024875) [nonpub. opn.].) In the course of evaluating a claim that the court erred by not instructing the jury that a specific intent to kill is an element of *attempted* murder, this court held any error was harmless and relied, in part, on the determinations the jury must have made in finding the robbery-murder special circumstance true. Specifically, the opinion for the court explains: "The jury was instructed, pursuant to CALJIC No. 8.80, that to find the robbery[-murder] special circumstance true, which it did, it must find that [defendant] intended to kill [the husband] and that 'a finding of intent to kill [the wife]' would not 'in and of itself' be sufficient to sustain the special circumstance alleged as to the murder of [the husband]. Since the attacks on [the husband and wife] were virtually simultaneous, there is no reasonable doubt that if [defendant] intended to kill [the husband], he likewise intended the same for [the wife]. [¶] . . . [¶] Accordingly, the error was harmless because the parties recognized and argued that intent to kill was in issue, they presented all the evidence on the intent issue, and intent was found in view of the jury's determination of [defendant's] intent to kill [the husband] and [defendant's] intentional use of the knife during the attempted murder."

Many years after our resolution of defendant's direct appeal, and following enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), defendant filed a section 1170.95 petition for resentencing. The form petition asserted he was convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine and, tracking the language of section 1170.95, subdivision (a)(3), he "could not now be convicted of 1st or 2nd degree murder because

4

of changes made to . . . [sections] 188 and 189, effective January 1, 2019." The People opposed defendant's petition on two grounds: an assertion that SB 1437 was unconstitutional and an argument that defendant was not entitled to relief anyway because the jury found he intended to kill the murder victim and thus was not entitled to relief as a matter of law.

After appointing counsel for defendant and permitting further briefing, the trial court denied defendant's section 1170.95 petition. The court did not reach the constitutional issue and instead reasoned: "[T]he record of conviction clearly establishes that the jury specifically found that [defendant] acted with intent to kill. The jury verdict states: 'We further find the special circumstance allegation that the defendant . . . intended to kill [the husband], or intended to aid and abet another in the killing of [the husband], and the murder of [the husband] was committed while the defendant . . . was engaged in the commission and attempted commission of ROBBERY . . . to be true.' Therefore, as a matter of law, [defendant] would still be guilty of first degree felony-murder under . . . [section] 189 and of the special circumstance under . . . [section] 190.2(c)."

II

The trial court was correct. As we shall briefly explain, defendant is not entitled to section 1170.95 relief as a matter of law because the availability of such relief extends only to defendants, unlike him, who "could not be convicted of first or second degree murder because of changes" SB 1437 made to the Penal Code's murder statutes.

At the time of defendant's trial in 1986, the law invariably required the jury to find defendant intended to kill the murder

5

victim to find the robbery-murder special circumstance true. (*Carlos v. Superior Court* (1983) 35 Cal.3d 131, 135 [intent to kill or to aid in a killing is an element of the felony-murder special circumstance] (*Carlos*), disapproved by *People v. Anderson* (1987) 43 Cal.3d 1104, 1138-1139 ["As will appear, we conclude that the broad holding of *Carlos* that intent to kill is an element of the felony-murder special circumstance cannot stand, and that the following narrow holding must be put in its place: intent to kill is not an element of the felony-murder special circumstance; but when the defendant is an aider and abetter rather than the actual killer, intent must be proved before the trier of fact can find the special circumstance to be true"].)  As we have already summarized, the trial court instructed the jury in accord with then-prevailing law, and this means the jury necessarily found defendant intended to kill the victim and aided and abetted the killing.

To qualify for resentencing under section 1170.95, the statute requires a petitioner to be able to show three things: first, that he or she was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; second, that he or she was convicted of first degree or second degree murder following a trial; and third, that he or she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019 [i.e., changes made by SB 1437]."  (§ 1170.95, subd. (a).)  The third of these is dispositive here.

SB 1437 amended section 189, the statute governing felony murder, to provide that a person can be liable only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the

6

first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.) After enactment of SB 1437, defendant could still be convicted of felony murder because, as his trial jury determined in finding the special circumstance true, he harbored an intent to kill the victim and aided and abetted the victim's killing. That means he is not entitled to relief as a matter of law.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.